IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERTO VILLALVA, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>                    Plaintiff,<br><br>    v.<br><br>GRAND & PULASKI CITGO, INC., an Illinois corporation, d/b/a GRAND & PULASKI CITGO, and JOHN SCALI, an individual,<br><br>                    Defendants. | Case No. 15-cv-06236 |

## COMPLAINT

The Plaintiff, Roberto Villalva ("Plaintiff" or "Villalva"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complains against Defendants, Grand & Pulaski Citgo, Inc., d/b/a Grand & Pulaski Citgo ("Grand & Pukaski Citgo"), and John Scali ("Scali"), as follows:

### Nature of the Suit

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to pay Plaintiff, and other similarly situated employees, their minimum wages and overtime pay. Defendants violated federal and state minimum wage laws by not paying Plaintiff, and other tipped car wash employees, any direct wages for their car wash services. Defendants also violated minimum wage laws by failing to Plaintiff the minimum wage

for his non-tipped cleaning and janitorial services. Lastly, Defendants violated federal and state overtime laws by failing to Plaintiff and other employees an overtime premium when they worked more than 40 hours in an individual workweek. This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party is attached as Exhibit A.

## Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

4. The Plaintiff is currently employed by Defendants as a car wash employee. Mr. Villalva also performs cleaning and janitorial services for the Defendants. Mr. Villalva has been employed by the Defendants since approximately October 2009.

5. Defendant Grand & Pulaski Citgo is operated by Grand & Pulaski Citgo, Inc., an Illinois corporation, and is doing business as a gas station and car wash within this judicial district. Grand & Pulaski Citgo's president, corporate secretary, and registered agent are all located within this judicial district.

6. Upon information and belief, Defendant Grand & Pulaski Citgo earned more than $500,000 in annual gross revenue during all relevant years.

7. Defendants' employees, including Plaintiff, have regularly handled, sold or otherwise worked on goods and materials that have been moved or produced for interstate commerce, including cleaning products and supplies.

8. Upon information and belief, Defendant John Scali is the owner of Defendant Grand & Pulaski Citgo. Scali is also the president and corporate secretary for the company. Upon information and belief, Scali resides in and is domiciled within this judicial district.

9. Defendant Scali possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. In furtherance of these duties, Defendant Scali hired Plaintiff, set Plaintiff's schedule, and determined his rate and method of pay.

**Common Allegations**

10. During the last three years before the filing of this suit, Plaintiff was scheduled to work from approximately 7 a.m. to 6 p.m. on every day of the workweek. Plaintiff washed cars and performed cleaning services for the Defendants, and worked approximately 77 hours per week.

11. For Plaintiff's car washing services, the Defendants did not pay Plaintiff, and other car wash employees, any direct wages.

12. Plaintiff, and other car wash employees, were only compensated to the extent that customers tip them for hand-drying their cars.

13. Plaintiff and other car wash employees have customarily and regularly received more than $30.00 per month in tips.

14. Defendants failed to properly take a tip credit by compensating Plaintiff, and other employees, at the lower statutory minimum wage rates for tipped employees and using tips to make up the difference between the lower minimum wage rates for tipped employees and the standard minimum wage rates that would otherwise be owed.

15. Defendants also did not notify Plaintiffs and other servers of the FLSA tip credit subsection or of Defendants' intention to claim a tip credit.

16. For his cleaning services, Defendants paid Plaintiff $100.00 in cash on a weekly basis. Previously, Defendants paid Plaintiff $90.00 in cash on a weekly basis for his cleaning services.

17. Plaintiff's regular hourly rate of pay for cleaning services was below $7.25.

18. Plaintiff, and other employees employed by Defendants, were also directed to work, and did work, more than 40 hours per week.

19. Defendants did not compensate Plaintiff and other employees at one and one-half times their regular hourly rate of pay (or the statutory minimum wage) for hours worked in excess of 40 in individual work weeks.

20. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a work week.

21. Upon information and belief, Defendants failed to post and keep posted FLSA, and IMWL notices in a conspicuous and prominent place in the workplace.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages

22. Plaintiffs hereby incorporate paragraphs 1 through 21 as though stated herein.

23. Plaintiff is an "employee" as defined in the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff has not been exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

24. Throughout Plaintiffs' employment, Defendants employed other car wash employees who were similarly not exempt from the minimum wage provisions of the FLSA.

25. Plaintiffs and other car was employees were "tipped employees" within the meaning of 29 U.S.C. § 203(t).

26. During all relevant times, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

27. Defendant Grand & Pulaski Citgo is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

28. Pursuant to 29 U.S.C. § 206, Plaintiff as well as other car wash employees were entitled to be compensated according to the applicable minimum wages under the FLSA.

29. Defendants violated the tip credit and minimum wage provisions on this section by not paying Plaintiff any direct wages for his car wash services, and not paying the statutory minimum wage to the Plaintiff for his cleaning services.

30. Defendants also did not inform Plaintiff or other car wash employees of the tip credit subsection, 29 U.S.C. § 203(m), or any of its related requirements.

31. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs and other servers minimum wages was willful and not in good faith. Defendants failed to pay Plaintiff any direct wages for his car washing services. Defendants also paid Plaintiff's wages in cash in order to avoid recording employee work time and their own failure to pay

employees their overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies.

**WHEREFORE**, the Plaintiff, Roberto Villalva, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Grand & Pulaski Citgo, Inc., d/b/a Grand & Pulaski Citgo, and John Scali, as follows:

    A.    Judgment in the amount of unpaid minimum wages found due;

    B.    Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages

32. Plaintiffs hereby incorporate paragraphs 1 through 21 as though stated herein.

33. Plaintiff is an "employee" under the IMWL, 820 ILCS § 105/3(d), and is not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

34. Throughout Plaintiff's employment, Defendants employed other car wash employees who were similarly not exempt from the minimum wage provisions of the IMWL.

35. Plaintiff and other car wash employees have been tipped employees within the meaning of 820 ILCS 105/4(c).

36. During all relevant times, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

37. Pursuant to 820 ILCS § 105/4, Plaintiff as well as other car wash employees were entitled to be compensated according to the applicable minimum wages under the IMWL.

6

38. Defendants the tip credit and minimum wage provisions on this section by not paying Plaintiff any direct wages for his car wash services, and not paying the statutory minimum wage to the Plaintiff for his cleaning services.

**WHEREFORE**, the Plaintiff, Roberto Villalva, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Grand & Pulaski Citgo, Inc., d/b/a Grand & Pulaski Citgo, and John Scali, as follows:

    A.    Judgment in the amount of unpaid minimum wages found due;

    B.    Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act – Overtime Wages

39. Plaintiff hereby incorporates paragraphs 1 through 21 and 26 through 27 as though stated herein.

40. Plaintiff is an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff is not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

41. During the course of Plaintiff's employment, Defendants employed other employees who were similarly not exempt from the overtime wage provisions of the FLSA.

42. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other employees worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

43. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

44. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants paid Plaintiff's wages in cash in order to avoid recording employee work time and their own failure to pay employees their overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies.

**WHEREFORE**, the Plaintiff, Roberto Villalva, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Grand & Pulaski Citgo, Inc., d/b/a Grand & Pulaski Citgo, and John Scali, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Minimum Wage Law – Overtime Wages

45. Plaintiff hereby incorporates paragraphs 1 through 18 as though stated herein.

46. Plaintiff is an "employee" under the IMWL, 820 ILCS § 105/3(d), and is not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

47. During the course of Plaintiff's employment, Defendants employed other employees who were similarly not exempt from the overtime wage provisions of the IMWL.

48. At all times relevant, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

49. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

50. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Roberto Villalva, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Grand & Pulaski Citgo, Inc., d/b/a Grand & Pulaski Citgo, and John Scali, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.

Dated: July 16, 2015

Respectfully submitted,
Roberto Villalva, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,

/s/ Nicholas P. Cholis
_____
One of Plaintiff's Attorneys

Timothy M. Nolan
IL ARDC No. 6194416
Nicholas P. Cholis
IL ARDC No. 6292556
Nolan Law Office
Attorneys for Plaintiff
53 West Jackson Blvd. #1137
Chicago, Illinois  60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net